UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOOKER ROMMEL MOTEN,

      Plaintiff,                                                Civil Action No. 16-CV-10998

vs.                                                                    HON. BERNARD A. FRIEDMAN

GREAT SCOTT HOMES, INC., et al.,

      Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND

This matter is presently before the Court on plaintiff's motion to dismiss defendants'

counterclaim [docket entry 16] and defendants' motion for leave to file counterclaim [docket entry

18].  Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide both motions without a hearing.

Plaintiff seeks dismissal of defendants' counterclaim [docket entry 15] on the grounds

that it was not filed contemporaneously with defendants' answer to the complaint [docket entry 5].

Alternatively, plaintiff seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Plaintiff correctly notes that under Fed. R. Civ. P. 13(a) a compulsory counterclaim

generally must be asserted together with a defendant's answer to the complaint.  Defendants in the

present case did not do so, as they filed their answer on April 12, 2016, and their counterclaim on

May 12, 2016.  However, defendants have offered to rectify this error by filing an amended answer

that includes an amended counterclaim (and affirmative defenses), and under Fed. R. Civ. P.

15(a)(2), the Court must permit such an amendment "when justice so requires." *See Employers Ins.*

*Co. of Wausau v. Duro-Last Roofing, Inc.*, No. 11-10206-BC, 2011 WL 5039799, at *6 (E.D. Mich.

Oct. 24, 2011).  Justice generally requires the allowance of amendments in the absence of a showing

by the non-moving party of "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v.

Davis*, 371 U.S. 178, 182 (1962).  As plaintiff has not shown that any of these circumstances exist

in the present case, the Court will grant defendants' motion for leave to amend.  This moots

plaintiff's motion to dismiss, as it is directed at a superseded pleading.  Accordingly,

IT IS ORDERED that defendants' motion for leave to file counterclaim is granted.

Defendants may file their proposed "answer, affirmative defenses and counterclaim" within five

days of the date of this order.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss is denied.  However,

plaintiff is free, within the applicable period, to file a motion to dismiss the amended counterclaim,

if he wishes.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  June 21, 2016
        Detroit, Michigan

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of
record on June 21, 2016, by electronic and/or ordinary mail.

S/Kelly Winslow for Carol Mullins
Case Manager